UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**RAYMOND MILLER**                                                                                       **PLAINTIFF**

**v.**                                                                            **CIVIL ACTION NO. 3:08CV-P658-H**

**HALLIE JONES et al.**                                                                                **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Raymond Miller, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

### I. SUMMARY OF CLAIMS

Plaintiff, who is incarcerated at the Kentucky State Reformatory (KSR), sues in their individual capacities KSR mailroom clerks Hallie Jones and Linda Timberlake; Warden J. David Donahue; Lieutenant Richard Yanwye; Corrections Officer Alica Palmer; and Grievance Coordinator Rob Atkin. He alleges that on March 18, 2008, he sent legal mail to the mailroom to be sent out by Defendants Jones or Timberlake and that, even though he had informed them that the legal motion enclosed was time-sensitive, the motion was not mailed by Defendants Jones and Timberlake until May 22, 2008. He asserts that the delay in mailing was a violation of his due process and equal protection rights under the Fourteenth Amendment, an interference with his right to access the court, and cruel and unusual punishment under the Eighth Amendment.

Plaintiff further alleges that when he brought the matter to the attention of Defendant Donahue, Defendant Donahue told Plaintiff that he supported whatever the staff does and that no

court was going to tell him any differently. Plaintiff further alleges that he complained to Defendant Vanwye about Defendant Palmer refusing to give enough copies for the courts even after she was shown what the court rules stated. He also alleges that the Defendants have stated that they will read all outgoing legal mail and that all legal mail must be left open or they will open it and read it.

Plaintiff further alleges that Defendant Atkin took over as grievance coordinator on or about November 18, 2008, and that he picks which grievances to hear, that he does not care what inmates claim on grievances, and that he stated that inmates should not be allowed to file grievances. Plaintiff requests monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, \_\_\_, 127 S. Ct. 1955, 1974 (2007).

***Claim regarding mail to be sent out***

Plaintiff alleges that Defendants Jones or Timberlake delayed sending out his time-sensitive mail. He asserts that the delay in mailing was a violation of due process and equal protection under the Fourteenth Amendment, an interference with his right to access the court, and cruel and unusual punishment under the Eighth Amendment. He also alleges that he complained to Defendant Vanwye about Defendant Palmer refusing to give enough copies for the courts even after she was shown what the court rules stated.

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, in order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 352-53; *accord Hadix v. Johnson*, 182 F.3d 400, 406 (6th Cir. 1999) (*Lewis* clarified actual injury to include requirement that action be non-frivolous).

Further, the Supreme Court has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The *Christopher* Court held that, "[l]ike any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

Plaintiff's allegations fail to show that he suffered actual injury to any pending or

3

contemplated litigation. While he alleges that he told prison officials that his mailing to be sent to a court was time-sensitive and that adequate copies per court rules have not been made, Plaintiff does not allege that he had pending litigation which was adversely affected. Nor does Plaintiff allege that his mailings or need for copies was in a case in which there was a non-frivolous claim brought in his direct appeal, habeas corpus action or civil rights complaint. Therefore, Plaintiff fails to state a claim regarding delay in sending mail or having copies made. *See Christopher*, 536 U.S. at 415; *Thaddeus-X*, 175 F.3d at 391.

### *Claim regarding opening legal mail*

Plaintiff alleges that all Defendants have stated that they will read all outgoing legal mail and that all legal mail must be left open or they will open it and read it. Courts have ruled that the right of meaningful access to the courts is founded in the Due Process or Equal Protection Clauses of the Fourteenth Amendment, the First Amendment right to petition for redress or grievances, and even the Privileges and Immunities Clause. *John L. v. Adams*, 969 F.2d 228, 231-32 (6th Cir. 1992). First Amendment issues are implicated when restrictions are placed upon an inmate's correspondence. *United States v. Holloway,* 740 F.2d 1373, 1382 (6th Cir. 1984). However, outgoing mail may be regulated to further an important or substantial governmental interest which is not related to the suppression of expression. *Martucci v. Johnson*, 944 F.2d 291, 295-96 (6th Cir. 1991). Due to the less stringent pleading standard to which *pro se* litigants are held, and construing the allegations in the light most favorable to Plaintiff, the Court will not dismiss Plaintiff's claims against Defendants Jones, Timberlake, Donahue, Yanwye, and Palmer concerning the opening and reading of outgoing mail, which Plaintiff alleges violates due process and equal protection under the Fourteenth Amendment and

is an interference with his right to access the court.  The Court will interpret this claim as one under the First Amendment.

However, Plaintiff has not stated a claim under the Eighth Amendment.  In order to constitute a claim under the Eighth Amendment, the offending conduct must reflect an "'unnecessary and wanton infliction of pain.'"  *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).  Such a claim has both an objective and subjective component.  *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  The reading of outgoing mail does not satisfy *Wilson*.  Plaintiff's arguments do not establish a claim of cruel and unusual punishment.  *Cf. Talley-Bey*, 168 F.3d at 886 (holding "mere act of not mailing a prisoner's correspondence cannot be construed as causing the deprivation of the minimal necessities of life, nor can the denial be construed as wanton").  Thus, his Eighth Amendment claim will be dismissed.

### *Claim against Defendant Atkin*

Plaintiff alleges that Defendant Atkin picks which grievances to hear, that he does not care what inmates claim on grievances, and that he believes that inmates should not be allowed to file grievances.

"Prison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug. 03, 1998) (citing *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 138 (1977) (Burger, J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994)); *see also Ishaaq v. Compton*, 900 F. Supp. 935, 940-41 (W.D. Tenn. 1995); *Flowers v. Tate*, Nos. 90-3742, 90-3796, 1991 WL 22009 (6th Cir. Feb. 22, 1991).

Therefore, a failure to follow the grievance procedures does not give rise to a § 1983 claim. *Id*.; *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Thus, Plaintiff's claim against Defendant Atkin, which pertains only to his alleged refusal to hear grievances, must be dismissed.

### III. CONCLUSION

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4412.009