UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RAYMOND MILLER                                                                              PLAINTIFF

v.                                                                 CIVIL ACTION NO. 3:08CV-P658-H

HALLIE JONES et al.                                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

On initial review of Plaintiff's complaint, this Court dismissed all of his claims except his First Amendment claim relating to the opening and reading of outgoing mail. Plaintiff has filed a motion to amend his complaint (DN 27). Defendants have not responded.

Under the Federal Rules of Civil Procedure, a district court should freely grant a plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court may deny a plaintiff leave to amend his or her complaint, however, when the proposed amendment would be futile." *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006).

First, Plaintiff seeks to add an allegation that he did suffer actual injury to pending litigation in terms of his mail not being sent out when on March 12, 2008, he gave a motion to extend discovery deadlines to be mailed in a pending case in the Eastern District of Kentucky. He further alleges that when he did not receive a ruling on that motion, he gave prison officials another motion to extend discovery deadlines on April 15, 2008, and the court did not receive it until May 15, 2008. He asserts therefore that the fact that the court did not receive the first motion shows either that Defendants Jones and Timberlake "did not mail the legal mail out or they lost or misplaced it."

Plaintiff attaches the docket sheet of his case in the Eastern District of Kentucky. That docket sheet demonstrates that the district court filed his motion to extend the time for discovery

on May 12, 2008. An examination of that motion from the PACER website reveals that it asked for an extension of the discovery time based on Plaintiff having recently learned of a lawsuit pending against one of the defendants and that he therefore needed an extension of time to obtain documents to show an ongoing pattern of misconduct and systematic disregard of constitutional rights of pretrial detainees. Ultimately, that motion was denied as moot because the district court granted the defendants' motion for summary judgment. The grant of summary judgment was premised on, among other things, Plaintiff's failure to exhaust his administrative remedies. The magistrate judge found that Plaintiff never submitted a grievance and in fact fabricated the three grievances submitted to that court. Moreover, the magistrate judge found that even if those grievances were not fabricated and were filed, Plaintiff had failed to follow the remaining two steps in the administrative procedures. The court also found that Plaintiff could not prove his Eighth and Fourteenth Amendment claims and that even if he could the defendants would nevertheless be entitled to judgment under the doctrine of qualified immunity.

It is clear, therefore, that the lateness of the mailing of Plaintiff's mail did not prejudice or injure Plaintiff's position in that lawsuit; thus, no constitutional violation occurred. *See Thomas v. Rochell*, 47 F. App'x 315, 318 (6th Cir. 2002) (holding where plaintiff did not provide any evidence that the delay in obtaining copies of documents caused him any prejudice or injury he failed to establish that defendants denied him access to the courts); *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988) (holding that prison's delay in processing inmate's mail did not offend the Constitution where inmate learned of the loss and later mailed a writ which was received and filed by the court). Amending the complaint in this regard would be futile and will not be allowed. *See Kottmyer v. Maas*, 436 F.3d at 692.

Next, Plaintiff asks to amend his complaint regarding prison regulation CPP 16.2, which he alleges sets an unfair double standard for indigent prisoners in that indigent prisoners who must sign a cash pay out form may not seal their outgoing mail. However, he does not allege that he was actually injured by this regulation. Because he lacks standing to bring this claim, the Court will deny the motion to amend in this regard. *See Bennett v. Spear*, 520 U.S. 154, 162 (1997) (holding that to have standing a plaintiff must demonstrate, among other things, that he suffered an injury-in-fact).

Plaintiff next seeks to amend his complaint regarding his Eight Amendment claim that Defendants inflicted unnecessary and wanton pain upon indigent inmates by having a double standard for indigent and non-indigent prisoners. Essentially, Plaintiff is merely seeking to reinstate his Eighth Amendment claim, which is not an appropriate ground for amending a complaint. *See Beal Corp. Liquidating Trust v. Valleylab, Inc.*, 927 F. Supp. 1350, 1374 (D. Colo. 1996) (denying motion to amend complaint where no substantive difference existed between old claim and the new claim). Moreover, as was explained on initial review, the reading of outgoing mail does not reflect an unnecessary and wanton infliction or pain, and therefore fails to state a claim under the Eighth Amendment. *See Ingraham v. Wright*, 430 U.S. 651, 670 (1977); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999).

Because all of the requested amendments would be futile, the Court **DENIES** Plaintiff's motion to amend (DN 27).

In his second motion to amend (DN 35 (motion), DN 38 (second amended complaint)),[1] Plaintiff seeks to add as defendants LaDonna Thompson, Commissioner of Kentucky

---

[1] Defendants have filed an opposition to this motion (DN 37).

Department of Corrections; Captain Jay Whitfield, Kentucky State Reformatory (KSR); Donna Boyer, Manager of Inmate Accounts, KSR; Janice Marcham, KSR officer; and Wesley W. Duke, counsel for Defendants. He alleges that on October 27, 2009, he went to the legal copy room at KSR for copies of a motion for the Kentucky Court of Appeals and was told he could have no more copies of legal work.

Because these allegations postdate the filing of his complaint, Plaintiff is in actuality attempting to supplement rather than amend in this regard. Under Federal Rule of Civil Procedure 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." "A motion to supplement a complaint under Fed. R. Civ. P. 15(d) is properly addressed to the discretion of the trial court." *Allen v. Reynolds*, No. 89-6124, 1990 WL 12182, at *2 (6th Cir. Feb. 13, 1990) (citing *Otis Clapp & Sons, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985)).

Here, the Court will not allow Plaintiff to supplement in this regard. Plaintiff does not allege that the inability to make copies resulted in an actual injury to pending litigation, such as a lost right of appeal. Nor does he explain how the alleged refusal to make copies prevented him from filing with the Kentucky Court of Appeals. "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). Thus, allowing Plaintiff to supplement his complaint in this regard would be futile.

Plaintiff again seeks to add allegations about the unfairness of CPP 16.2, arguing it establishes a double standard where indigent prisoners are concerned. The futility of amending

the complaint in this regard was discussed above.

Next, Plaintiff asserts that on October 27, 2009, Donna Boyer issued an order that he was not to have any legal copies unless he would dismiss his lawsuit. Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Here, Plaintiff has not alleged an adverse action that would deter a person of ordinary firmness from engaging in that conduct. *See Kolanowski v. Lancaster*, No. 1:08-cv-1010, 2008 WL 5103137, at *5 (W.D. Mich. Dec. 01, 2008) ("mere fact that Defendants denied his requests for copies or that [a defendant] made a simple comment to Plaintiff is not the sort of action that would deter an ordinary person from exercising his rights").

Plaintiff next alleges in his proposed amended complaint that his right to due process and equal protection were violated when counsel for Defendants told non-defendants that they did not have to answer interrogatories or produce requested documents. Federal Rules of Civil Procedure 33 and 34 provide for discovery by way of interrogatories and production of documents only on parties to the action.[2] Supplementing the complaint in this regard would be futile because Plaintiff fails to set forth a claim.

Plaintiff further alleges in his proposed amended complaint that his equal-protection

---

[2] Nonparties may be compelled to produce documents pursuant to Fed. R. Civ. P. 45, which governs subpoenas.

rights have been violated because officials administer policies selectively to violate indigent inmates's rights. This proposed amendment fails to state an Equal Protection claim. *See Harris v. McRae*, 448 U.S. 297, 323 (1980) (indigents are not a suspect class for an equal protection claim); *United States v. King*, 62 F.3d 891, 895 (7th Cir. 1998) (prisoners are not a suspect class for an equal protection claim).

Because all of Plaintiff's proposed amended and supplemental complaints would be futile, the Court **DENIES** his motion to amend (DN 35).

Date:

cc: Plaintiff, *pro se*
 Counsel of record
4412.009