# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**RAYMOND MILLER**                                                              **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 3:08CV-P658-H**

**HALLIE JONES et al.**                                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Defendants have moved for summary judgment (DN 28). Plaintiff has responded (DN 29). The matter being ripe, the Court will grant the motion for summary judgment for the following reasons.

## I. SUMMARY OF CLAIMS

Plaintiff, Raymond Miller, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Kentucky State Reformatory (KSR) mailroom clerks Hallie Jones and Linda Timberlake; Warden J. David Donahue; Lieutenant Richard Yanwye; Corrections Officer Alica Palmer; and Grievance Coordinator Rob Atkin. In his complaint, Plaintiff alleged that all Defendants have stated that they will read all outgoing legal mail and that all legal mail must be left open or they will open it and read it. Due to the less stringent pleading standard to which *pro se* litigants are held, and construing the allegations in the light most favorable to Plaintiff, the Court interpreted this claim as one under the First Amendment and allowed Plaintiff's claim concerning the opening and reading of outgoing mail under the First Amendment to proceed beyond initial screening.[1]

---

[1] The Court dismissed the remainder of Plaintiff's claims.

## II. ANALYSIS

A.   **Summary-judgment standard**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id*. If the nonmoving party will bear the burden at trial on a dispositive issue, the nonmoving party must go beyond the pleadings and by his own affidavits, "or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id*. at 324 (internal quotation marks omitted, citing FED. R. CIV. P. 56(e)). If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than

raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id*. (internal quotation marks omitted). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *Id.*

**B.    First Amendment claim regarding reading mail**

In their summary-judgment motion, Defendants argue that Plaintiff has failed to identify a specific incident of the Defendants opening his mail. They assert that in a prison setting outgoing inmate mail may be regulated to further an important or substantial governmental interest unrelated to the suppression of expression. They argue that the Kentucky Department of Corrections Policy and Procedures (CPP) 16.2, which they attach, regulates outgoing legal mail in a content neutral way and for the specific governmental interest of institutional security. They further argue that Defendants have never read any of Plaintiff's outgoing mail.

In response, Plaintiff argues that Defendants' motion for summary judgment is premature in that Plaintiff had already filed a motion to amend his complaint before the summary-judgment motion was filed. The motion to amend his complaint to which Plaintiff refers contains, among

3

other things, allegations that the prison regulations are unfair to indigent prisoners because it treats the mail of indigent prisoners differently.[2] He also alleges that on a particular occasion the prison did not send out his legal mail, interfering with his right to access the courts. He also alleges that a particular motion was not sent out by prison officials timely but he does not allege that it, or any other outgoing mail, was in fact read. Additionally, he argues that Defendants' motion is premature because Plaintiff has pending before this Court motions to compel responses to discovery requests.

Under the pertinent regulation, CPP 16.2(C)(3),

> Outgoing privileged mail shall be sealed by the inmate and not inspected by staff so long as the inmate has clearly indicated an addressee that meets the definition of privileged mail. However, an indigent inmate seeking to send mail after signing a cash pay out (CPO) shall not seal the envelope in order for staff to be able to ascertain that the correspondence is actually going to an appropriate privileged mail recipient. If it is determined that the mail is an abuse of the privileged mail policy, the inmate shall receive an appropriate disciplinary charge and the mail shall be rejected.

The Sixth Circuit "has held that a review of regulations governing 'legal mail' is subject to a heightened standard." *Jones v. Caruso*, 569 F.3d 258, 267 (6th Cir. 2009). "Policies regarding outgoing legal mail receive heightened scrutiny under which a prison's inspection policy must 'further an important or substantial government interest unrelated to the suppression of expression' and must not limit First Amendment freedoms 'greater than is necessary or essential to the protection of the particular governmental interest involved.'" *Id.* (citations

---

[2] This motion has been denied by separate Order.

omitted). Putting aside the question of whether CPP 16.2 is constitutional,[3] the Court finds that Plaintiff lacks standing to bring this claim.

Standing is a jurisdictional requirement. *See Lewis v. Casey*, 518 U.S. 343, 349 n.1 (1996). To satisfy the requirements of Article III standing, "a plaintiff must, generally speaking, demonstrate that he has suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendants, and that the injury will likely be redressed by a favorable decision." *Bennett v. Spear*, 520 U.S. 154, 162 (1997) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Plaintiff's complaint simply asserts that Defendants have said they will read his mail. Defendants state in their summary-judgment motion that they have not read his mail. Plaintiff does not assert in his response that they have read his mail; instead, he argues that the rule is unfair to indigent prisoners. He does not have standing to voice a generalized complaint about the mail system without "describing any specific incident when that system caused him a concrete, identifiable, and judicially redressable injury." *Bondurant v. Vastbinder*, No. 1:04-1278-T-AN, 2006 WL 903723, at *2 (W.D. Tenn. April 6, 2006) ("Bondurant is simply attempting to voice a generalized grievance against the alleged irrationality of the work-privilege system as a whole, without describing any specific incident when that system caused him a concrete, identifiable, and judicially redressable injury.").

Plaintiff does assert in his response that his right to access the courts was violated when

---

[3] The Court notes that in *Bell-Bey v. Williams*, 87 F.3d 832 (6th Cir. 1996), the Sixth Circuit found constitutional the Michigan Department of Corrections mail inspection procedure in which the prison official's inspection was limited to scanning legal mail for docket numbers, case title, requests for documents, et cetera, was conducted in the prisoner's presence, and the prisoner was allowed to seal the mail after inspection was completed.

5

he lost a remedy because of the delay in mailing his mail. But he does not allege that the delay was related to the regulation that indigent mail be left unsealed. Without alleging an injury-in-fact from the prison regulation regarding outgoing mail, Plaintiff lacks standing to bring the instant claim.

### III. CONCLUSION AND ORDER

For the foregoing reasons, Defendants are entitled to judgment as a matter of law. The motion for summary judgment (DN 28) is **GRANTED**. Plaintiff's claims are **DISMISSED**.

Date:


cc: Plaintiff, *pro se*
     Counsel of record
4412.009